IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTOINE STUBBLEFIELD,<br>Plaintiff, | § § § | |
| v. | § | 3:10-CV-2405-N(BK) |
| | § | |
| OFFICER G. GARCIA, et al.,<br>Defendants. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

## I. BACKGROUND

Plaintiff, through retained counsel, filed the complaint in this action along with a motion to proceed *in forma pauperis* on November 24, 2010. Because the latter was insufficient to determine whether Plaintiff was entitled to proceed *in forma pauperis*, the Court required Plaintiff to resubmit the motion on the new court approved form (AO-239 form available on the TXND website) on or before December 21, 2010. (Doc. #4.) The order advised Plaintiff that failure to comply may result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b). As of the date of this recommendation, Plaintiff and his counsel have failed to comply with the above order.

Previously, in April 2010, Plaintiff filed a complaint and motion to proceed *in forma pauperis* identical to the ones filed in this case. *See Subblefield v. Garcia, et al.*, 3:10-CV-693-L (N.D. Tex.). Then, the Court twice granted Plaintiff an opportunity to submit additional financial

information in support of his motion to proceed *in forma pauperis*. *Id.* Ultimately in June 2010, the Court dismissed the action for want of prosecution due to Plaintiff's failure to comply. *Id.* The findings, conclusions and recommendation of the magistrate judge, which the District Judge accepted, noted that counsel's clear record of purposeful delay justified dismissal even if limitations may prevent further litigation of Plaintiff's claims. *Id.* (Doc. #6 at 3).

## II. DISCUSSION

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

As in the previous case, Plaintiff has been given ample opportunity to comply with the Court's order and provide additional financial information in support of his request to proceed *in forma pauperis*. He and his counsel have impliedly refused or declined to do so. Therefore, the District Court should dismiss this action for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] When a plaintiff is barred by the statute of limitations from re-asserting his/her claims, a Rule 41(b) dismissal is tantamount to a dismissal with prejudice which requires the court to apply a higher standard. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). *Berry*, however, is limited to a case that was timely filed.

Because Plaintiff complains of civil rights violations that occurred in May 2008, the two-year statute of limitations elapsed before the November 2010 refiling of the complaint. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (In Texas, § 1983 actions are governed by

## III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #3) as moot.

SIGNED January 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

the two-year personal injury limitations period, *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)). Thus, while the dismissal of this case is, for all purposes, a dismissal with prejudice, the Court need not apply the higher *Berry* standard of review.

3